1  Cary G. Palmer (SBN 186601)
   JACKSON LEWIS P.C.
2  400 Capitol Mall, Suite 1600
   Sacramento, California 95814
3  Telephone:    (916) 341-0404
   Facsimile:    (916) 341-0141
4  E-mail:    Cary.Palmer@jacksonlewis.com

5  Jamielee F. Martinez (SBN 303927)
   JACKSON LEWIS P.C.
6  333 West San Carlos Street, Suite 1625
   San Jose, California 95110
7  Telephone:    (408) 579-0404
   Facsimile:    (408) 454-0290
8  E-mail:    Jamie.Martinez@jacksonlewis.com

9  Attorneys for Defendant
   POINT PICKUP TECHNOLOGIES, INC.

10

11                UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13  COLLEEN DUARTE, an individual, on behalf       Case No.
    of herself, and on behalf of all persons similarly
14  situated,                                      **DEFENDANT'S NOTICE OF**
                                                   **REMOVAL**
15                    Plaintiff,

16  vs.

17  POINT PICK-UP TECHNOLOGIES, INC.,
    a Corporation; and DOES 1 through 50,"
18  inclusive,

19                    Defendants.

20

21         Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Point Pickup Technologies, Inc., hereby

22  removes this matter to the United States District Court for the Northern District of California,

23  San Francisco Division.  The grounds for removal are as follows:

24                      **THE PUTATIVE CLASS ACTION**

25         1.       Colleen  Duarte  ("Plaintiff"),  on  behalf  of  herself  and  on  behalf  of  all

26  persons similarly situated, filed a complaint against Point Pickup Technologies, Inc. ("PPUP")

27  on May 24, 2022, in the Superior Court of California in and for the County of Sonoma, Case

28  No. SCV-270882 ("Complaint").

                                    1

2.      The Plaintiff served the Complaint on PPUP's registered agent on July 20, 2022.

3.      A copy of all process, pleadings, and orders served upon Point Pickup is attached as **Exhibit A**.

4.      Plaintiff alleges that she and the putative class members worked as "Delivery Drivers" for PPUP, providing delivery services.  Ex. A. (Compl. ¶¶ 4, 7-8).  Plaintiff claims she was an employee of PPUP and was misclassified as an independent contractor.  *See* Ex. A. (Compl. ¶¶ 4, 6-9).

5.      Plaintiff asserts nine causes of action against PPUP, all of which are predicated upon her alleged employment status:  (1) unlawful, unfair and deceptive business practices, per Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (2) failure to pay minimum wages, per Cal. Lab. Code §§ 1194, 1197, and 1197.1; (3) failure to pay overtime wages, per Cal. Lab. Code §§ 510, 1194, and 1198; (4) failure to provide required meal periods, per Cal. Lab. Code §§ 226.7 and 512; (5) for failure to provide required rest periods, per Cal. Lab. Code §§ 226.7 and 512; (6) failure to provide accurate itemized statements, per Cal. Lab. Code § 226; (7) failure to reimburse employees for required expenses, per Cal. Lab. Code § 2802; (8) failure to pay wages when due, per Cal. Lab. Code §§ 201, 202, and 203; and (9) wrongful termination in violation of public policy, on an individual basis.  *See generally* Ex. A (Compl.).

## VENUE AND TIMELINESS

6.      Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. § 1441(a) because the Northern District of California, San Francisco Division, includes the Superior Court of California for the County of Sonoma. 28 U.S.C. § 1441(a).

7.      This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it was filed within thirty (30) days after the Complaint was served on July 20, 2022.

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

8.      This Court has original jurisdiction over this case because it is a putative class action in which the proposed class has more than 100 members, the amount in controversy

exceeds $5 million, and there is minimal diversity.  28 U.S.C. § 1332(b), (d); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

9.     Plaintiff attempts to plead around federal jurisdiction by asserting that "the amount in controversy for the aggregate claim of California Class members is under Five Million Dollars ($5,000,000) and the amount in controversy for Plaintiff individually "does not exceed the sum or value of $75,000." Ex. A. (Compl. ¶¶ 11, 24-25).

10.     Nowhere in her Complaint has Plaintiff asserted information adequate to evaluate the precise nature and scope of the claims she is pursuing or the damages she seeks on behalf of herself and the putative class members.  However, as evidenced and explained *infra*, the amount in controversy easily exceeds $5 million considering the nature and extent of possible claims raised by Plaintiff's Complaint.

## I.     Minimal Diversity Exists

11.     The minimal diversity requirement of CAFA, 28 U.S.C. § 1453(d)(2)(A), is satisfied whenever at least one plaintiff and one defendant are citizens of different states. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226-27 (9th Cir. 2019).

12.     Plaintiff brings this lawsuit "on behalf of herself and a California Class, defined as all individuals who worked for Defendant in California as a Delivery Driver . . . ." Ex. A (Compl. ¶ 11).  For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Hence, it is reasonable to conclude that Plaintiff and the majority of the members of the putative class are citizens of California.

13.     PPUP is a Connecticut citizen—it is a Connecticut corporation with its principal place of business in Stamford, Connecticut.  S*ee Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (defining the principal place of business as the "nerve center").

14.     Minimal diversity is therefore established because Plaintiff and the putative class members are citizens of California, and Defendant is a citizen of Connecticut.

/ / /

**II.    The Proposed Class Exceeds 100 Members**

15.    Plaintiff defines the proposed class as "all individuals who worked for DEFENDANT in California as a Delivery Driver and who were classified as independent contractors (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court . . . ." Ex. A. (Compl. ¶ 1, 11).

16.    Plaintiff defines the California sub-class as "members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as a Delivery Driver and who were classified as Independent Contractors (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the Complaint and ending on the date as determined by the Court." Ex. A. (Compl. ¶ 35).

17.    For purposes of this notice of removal, PPUP uses the conservative assumption of May 24, 2022—the date on which the Complaint was filed in state court—as the date on which the case was commenced. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"). Accordingly, the relevant limitations period reaches back to May 24, 2018 ("Relevant Period"). (Three years for the Labor Code claims, plus a fourth year based on the Unfair Competition Law claim.)

18.    A preliminary investigation by PPUP has revealed that well over 100 individuals (a) became users of the PPUP platform in California during the Relevant Period, and (b) accepted and closed out delivery orders that were made available to the platform users.

**III.    The Amount in Controversy Exceeds $5 Million**

19.    Although PPUP denies that it is liable to Plaintiff and the proposed class members, for jurisdictional purposes, the amount in controversy exceeds $5 million.

20.    "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Arias v. Residence Inn*, 936 F.3d 920, 924-25 (9th Cir. 2019) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)).

/ / /

21.     When a plaintiff contests a defendant's allegation that the amount in controversy exceeds $5 million, as Plaintiff has preemptively attempted to do here, a defendant seeking removal must demonstrate that the aggregate amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 135 S. Ct. at 553-54.

22.     This burden may be satisfied by submitting evidence outside the complaint, including affidavits or declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).   The amount in controversy requirement is then "tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198; *Thompson v. Target Corp.*, No. EDCV 16-00839 JGB (MRWx), 2016 U.S. Dist. LEXIS 101363, at *23-26 (C.D. Cal. Aug. 2, 2016).

23.     In other words, to support removal the defendant presents "a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million." *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 993 (9th Cir. 2022) (citing *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)).

**A.     The Amount in Controversy**

24.     At this stage of the litigation, it is challenging to determine who may be part of the putative class; however, certain metrics concerning the number of driving days, potential work weeks, minimum wages and overtime estimates, and data concerning estimated mileage driven demonstrate that the amount in controversy in this case exceeds the threshold $5 million.

25.     Plaintiff and the putative class members worked approximately 110,673 work weeks during the relevant time period.  Declaration of Dauvin Peterson dated August 19, 2022, "Peterson Decl.", ¶ 9,.   During those work weeks, Plaintiff and the putative class completed 337,334 driving days in the aggregate.  *Id.* at ¶ 8.  During those driving days, Plaintiff and the putative class accepted and closed out a total of 1,681,023 delivery orders.  *Id.* at ¶ 6.  On average, each delivery order resulted in Plaintiff or a putative class member driving an

estimated 4.48 miles to complete the delivery order. *Id.* at 7. These statistics confirm that the amount in controversy exceeds $5 million for purposes of jurisdiction.

### 1.    The Estimated Amount of Overtime Premiums in Controversy

26.    Plaintiff alleges that PPUP "failed to pay Plaintiff and the California Labor Sub-Class members overtime wages for the time they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 & 1198 . . . ." Plaintiff asserts that she and the putative class have suffered "economic injury in amounts which are presently unknown to them . . . ." *See* Ex. A (Compl. ¶¶ 70-71).

27.    In support of the overtime claim, Plaintiff asserts that she and other putative class members "were not compensated overtime wages for any of their time spent working in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek." *See* Ex. A (Compl. ¶ 7). In her Prayer for Relief, Plaintiff specifically seeks damages for "overtime wages." Ex. A (Compl., Prayer for Relief)

28.    Under California Labor Code, if Plaintiff and the putative class prevail on their overtime claim, they would be entitled to one and one-half times their regular rate of pay for each hour of overtime. Any putative back pay award would also include interest, reasonable attorney's fees, and court costs. Cal. Lab. Code §§ 510, 1194.

29.    Plaintiff's and the putative class members' regular rate of pay (on which the overtime calculation is based) will vary substantially given that platform users are paid a base amount per delivery order plus all customer tips for each delivery.

30.    Consequently, a conservative and reasonable estimate of unpaid overtime for purposes of establishing the amount in controversy related to the overtime claim can be based upon an estimate of the number of allegedly uncompensated overtime hours within a work week (s*ee Arias*, 936 F.3d at 923 (9th Cir. 2019) (reasonable to make assumptions about the amount of overtime).

31.    Here, the amount in controversy calculation assumes one hour of allegedly unpaid overtime each work week, and that uncompensated part of the overtime premium is $6.00 per hour, which represents the half-time rate of the lowest minimum wage effective during the

DEFENDANT'S NOTICE OF REMOVAL

relevant period (the minimum wage in effect during 2019, when the first deliveries were accepted and closed out in California).[1]

32.     Using these facts and assumptions, Plaintiff and the putative class members' claims will conservatively amount to $664,038.00, which is calculated by multiplying the number of work weeks (110,673) by the unpaid overtime premium of $6.00 and one uncompensated hour of overtime per pay period.[2]

### 2.    The Estimated Amount of Meal Period Premiums in Controversy

33.     Plaintiff alleges that PPUP "failed to provide all the legally required off-duty meal breaks" to Plaintiff and the putative class members. *See* Ex. A (Compl. ¶ 84).  Plaintiff asserts that she and the putative class were not provided with meal breaks "prior to their fifth (5th) hour of work" and similarly failed to provide a second meal break on occasions when they were required "to work ten (10) hours of work." *See* Ex. A (Compl. ¶ 85).

34.     Pursuant to California Labor Code, if Plaintiff and the putative class prevail on the meal period claim, they would be entitled to "one additional hour of pay at the employee s regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab. Code § 226.7.

35.     Plaintiff makes no allegations concerning how many non-compliant or missed meal periods she encountered, or how frequently she worked enough hours to be entitled to even a single meal period.

36.     Assuming, *arguendo*, that Plaintiff is correct that she and the putative class members missed meal periods or experienced non-compliant meal periods, it is reasonable to assume for purposes of establishing the amount in controversy that the putative class was entitled

---

[1] Minimum wage has changed yearly since 2019.  Effective January 1, 2018, the California minimum wage was $11.00 per hour.  Effective January 1, 2019, the California minimum wage increased to $12.00 per hour.  Effective January 1, 2020, the California minimum wage increased to $13.00 per hour.  Effective January 1, 2021, the California minimum wage increased to $14.00.  Effective January 1, 2022, the California minimum wage increased to $15.00 per hour. Available at:  https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last visited August 19, 2022).

[2] The actual overtime premium allegedly due may be substantially greater depending on the amounts that platform users earned as their earnings necessarily impact the calculation of the regular rate of pay and thus the overtime premium allegedly due.

to and missed a meal period at the same or similar frequency at which they encountered uncompensated overtime hours. That is, if the putative class worked one, eight-plus-hour work day each week, then they could have been entitled to and missed one meal period each work week.

37. A conservative estimate of the amount in controversy related to Plaintiff's meal period claim can be calculated by multiplying the number of work weeks by the minimum wage due for one hour of work ($12.00) and the number of missed meal periods per work week.

38. Using these facts and assumptions, Plaintiff's and the putative class members' meal period claims will conservatively amount to $1,328,076.00. Here again, the actual amount of the premium pay due for non-compliant meal periods could be substantially larger depending upon a proper calculation of the regular rate on which the premium pay is based.

### 3. The Estimated Amount of Rest Break Premiums in Controversy

39. Plaintiff alleges that she and the putative class members were "required to work in excess of four (4) hours without being provided ten (10) minute rest periods." She further alleges that they "were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time." *See* Ex. A (Compl. ¶ 89).

40. Under California Labor Code, if Plaintiff and the putative class prevail on their California Labor Code rest period claim, they would be entitled to "one additional hour of pay at the employee s regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab. Code § 226.7.[3]

41. Plaintiff fails to provide an estimate of how many rest periods she missed. However, the reasoning that applies to the meal period claim applies equally here, and a conservative estimate of the amount in controversy related to Plaintiff's rest period claim can

---

[3] Additional penalties and premiums may also be due, depending upon the nature of Plaintiff's theory of recovery.

be calculated by multiplying the number of work weeks by the minimum wage due for one hour of work ($12.00) and an estimated number of missed rest periods per work week.

42.    Using these facts and assumptions, Plaintiff and the putative class members' rest period claims may conservatively amount to $1,328,076, which is calculated by multiplying the number of work weeks by $12.00 per hour and one non-compliant or missed rest break each week.

### 4.    The Expense Reimbursement Claim

43.    Plaintiff alleges PPUP failed to indemnify and reimburse her and members of the putative class "for required expenses incurred in the discharge of their job duties", including costs associated with "use of their personal cellular phones and personal vehicles . . . ."  *See* Ex. A (Compl. ¶ 98).

44.    California Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

45.    Plaintiff fails to provide an estimate of the expenses she was purportedly required to incur in direct consequence of her acceptance and completion of delivery orders.  However, there is reasonable basis to assume Plaintiff will seek to recoup mileage reimbursements as part of her 2802 claim for reimbursement.

46.    During the relevant period, the standard IRS mileage reimbursement rate ranged between $0.58 and $0.585 per mile.  *See* IR-2021-251 ($0.585 per mile in 2022); IR-2020-279 ($0.56 per mile in 2021); IR-2019-215 ($0.575 per mile in 2020); IR-2018-251 ($0.58 per mile in 2019).[4]

47.    During the relevant period, Plaintiff and the putative class fulfilled 1,681,023 delivery orders and, on average, each of those orders were estimated to require 4.48 miles of driving to deliver the customer's order from store to home.  *See* Peterson Decl. ¶¶ 6, 7.

---

[4] PPUP does not concede that the proper reimbursement rate is based on the IRS standard mileage rate, but uses it as a method to demonstrate the amount in controversy related to Plaintiff's expense reimbursement claim.

48.    A simple estimate of the unreimbursed mileage expenses can be expressed as a function of multiplying the number of orders by the average estimate of mileage per order and the IRS standard reimbursement rate.  Using this formula, the amount in controversy related to Plaintiff's mileage reimbursement claim alone amounts to $4,217,350.50, when using the *lowest* IRS mileage reimbursement rate available during the relevant period.

49.    This estimate is very conservative because it does not account for the higher IRS standard reimbursement rates during the relevant period, nor does it include reimbursements for other expenses Plaintiff may seek to recoup such as mobile phone expenses, vehicle maintenance, tolls, or insurance premiums.  Plaintiff has not made clear what items she intends to seek reimbursement for in this litigation.

### 5.    A Conservative Estimate of the Amount in Controversy

50.    The following estimate of the amount in controversy is modest, is well supported by the assumptions made above, and does not include estimates for the inaccurate wage statement and waiting time claims, or prejudgment interest that are also at issue in this case.  The conservative estimate of the amount in controversy is based on the following amounts:

a)    **Overtime** (110,676 work weeks **x** $6.00 per hour **x** 1 hour uncompensated time) **$664,038.00**

b)    **Meal Periods** (110,676 work weeks **x** $12.00 per hour premium **x** 1 missed meal period) **$1,328,076.00**

c)    **Rest Breaks** (110,676 work weeks **x** $12.00 per hour premium **x** 1 missed meal period) **$1,328,076.00**

d)    **Mileage** (1,681,023 orders **x** 4.48 miles per order **x** $0.56 lowest IRS rate) **$4,217,350.50**

e)    **Subtotal (without interest or attorneys' fees)** **$7,537,540.50**

/ / /

/ / /

/ / /

/ / /

51.     In sum, it is reasonably probable that the amount in controversy exceeds CAFA's $5 million jurisdictional threshold because the aforementioned claims alone, without consideration for all of the claims, attorneys' fees,[5] and costs, exceed the threshold.

## SUPPLEMENTAL JURISDICTION

52.     Because this Court has original CAFA jurisdiction over Plaintiff's class claims, it can exercise its supplemental jurisdiction over Plaintiff's remaining wrongful termination claim. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).  *See* Ex. A (Compl. ¶ 24) (pleading that PPUP subjected her to adverse employment actions by retaliation against her in the form of termination after she raised complaints about unlawful employment practices).

## NOTICE TO PLAINTIFF AND SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SONOMA

53.     As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be promptly served on Plaintiffs' counsel of record, Nicholas De Blouw of BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP, 255 Calle Clara, La Jolla, California 92037. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Sonoma.

54.     The undersigned counsel for PPUP has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

/ / /

/ / /

/ / /

/ / /

---

[5] Courts also include attorneys' fees when calculating the amount in controversy.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met"); *see also Calagno v. Rite Aid Corp.*, No. 4:20-cv-05476-YGR, 2020 U.S. Dist. LEXIS 216287, at *11 (N.D. Cal. Nov. 13, 2020) (attorneys' fees are included in determining the amount in controversy under CAFA).  The Ninth Circuit leaves the calculation of the amount of the attorneys' fees at stake to the district court and declines to adopt a bright line rule.  *Arias*, 936 F.3d at 921.

**NO WAIVER**

55.    By filing this Notice of Removal, PPUP does not waive any defenses available to it.

WHEREFORE, PPUP respectfully removes this case to this Court.

Dated: August 19, 2022                          Respectfully submitted,

                                                JACKSON LEWIS P.C.


                                                By: _/s/ Cary G. Palmer_____
                                                    Cary G. Palmer
                                                    Jamielee F. Martinez

                                                Attorneys for Defendant
                                                POINT PICKUP TECHNOLOGIES, INC.

# EXHIBIT A

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)

2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)

3  Nicholas J. De Blouw (State Bar #280922)
   2255 Calle Clara

4  La Jolla, CA 92037
   Telephone: (858)551-1223

5  Facsimile: (858) 551-1232
   Website: www.bamlawca.com

6

7  Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
5/24/2022 3:34 PM
By: Melisa Kennedy, Deputy Clerk

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

   **IN AND FOR THE COUNTY OF SONOMA**

9

| | |
|---|---|
| COLLEEN DUARTE, an individual, on behalf of herself, and on behalf of all persons similarly situated, | Case No. _____ SCV-270882 |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF, CODE §§ 17200, *et seq.*; |
| POINT PICK-UP TECHNOLOGIES, INC., a Corporation;  and  DOES  1  through  50, inclusive, | 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| Defendants. | 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 & 1198, *et seq.*; |

4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,
9. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**DEMAND FOR A JURY TRIAL**

1

1        Plaintiff Colleen Duarte ("PLAINTIFF"), an individual, on behalf of herself and all

2   other similarly situated current and former employees, alleges on information and belief, except

3   her own acts and knowledge, the following:

4

5                                       **INTRODUCTION**

6       1.      Defendant Point Pick-up Technologies, Inc. ("DEFENDANT") in order to service

7   their customers, hires workers to aid DEFENDANT in providing delivery services.  The cost,

8   as proscribed by law, of the personnel hired to work for DEFENDANT, includes not only the

9   pay and overtime pay of these employees but the cost of the employer's share of tax payments

10  to the federal and state governments for income taxes, social security taxes, medicare insurance,

11  unemployment insurance and payments for workers' compensation insurance ("Business Related

12  Expenses").  To avoid the payment of these legally proscribed Business Related Expenses to the

13  fullest extent possible, DEFENDANT devised a scheme to place the responsibility for the

14  payment of these costs and expenses of DEFENDANT on the shoulders of PLAINTIFF and

15  other delivery drivers..  As employer, DEFENDANT is legally responsible for the payment of

16  all these Business Related Expenses.  This lawsuit is brought on behalf of the delivery drivers

17  and other similar job titles for persons who worked for DEFENDANT in California and were

18  classified as independent contractors, in order to collect the wages due them as employees of

19  DEFENDANT, the cost of the employer's share of payments to the federal and state

20  governments for income taxes, social security taxes, medicare insurance, unemployment

21  insurance and payments for workers' compensation insurance, plus penalties and interest.

22

23                                    **THE PARTIES**

24      2.      DEFENDANT at all relevant times mentioned herein conducted and continues

25  to conduct substantial and regular business in the State of California.

26      3.      DEFENDANT operates a business that connects individuals looking for delivery

27  services on demand.

28

CLASS ACTION COMPLAINT

4.     PLAINTIFF was employed by DEFENDANT as a Delivery Driver from July of 2021 to August of 2021 and was classified by DEFENDANT as an independent contractor during her entire employment with DEFENDANT.

5.     California Labor Code Section 226.8 provides that "[i]t is unlawful for any person or employer to engage in . . . [w]illful misclassification of an individual as an independent contractor." The penalty for willful misclassification of employees is a "civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law." It is further provided that, in the event that an employer is found to have engaged in "a pattern or practice of these violations," the penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law." Cal. Labor Code § 226.8.

6.     Here, DEFENDANT has willfully misclassified PLAINTIFF and other Delivery Drivers, and other similarly situated persons with similar job titles collectively referred herein as "Delivery Drivers" as described in Cal. Labor Code § 226.8 and Labor Code Section 2750.3 et seq., and further, that DEFENDANT has engaged in a "pattern or practice" of such violations as contemplated by the California Labor Code.

7.     Upon hire, the position of a Delivery Driver was represented by DEFENDANT to PLAINTIFF and the other Delivery Drivers as an independent contractor position capable of paying a flat rate per route worked for DEFENDANT. PLAINTIFF and other Delivery Drivers were paid at a flat rate to perform services on DEFENDANT's behalf. PLAINTIFF and other Delivery Drivers were not compensated overtime wages for any of their time spent working in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek.

8.     To perform their job duties, the PLAINTIFF and the other Delivery Drivers performed work subject to the control of DEFENDANT in that DEFENDANT had the authority to exercise complete control over the work performed and the manner and means in which the work was performed. DEFENDANT provided the customers and DEFENDANT provided the

3

CLASS ACTION COMPLAINT

1  instructions as to how to perform their services.

2      9.    California Labor Code § 3357 defines "employee" as "every person in the service

3  of an employer under any appointment or contact of hire or apprenticeship, express or implied,

4  oral or written, whether lawfully or unlawfully employed." In addition to the California Labor

5  Code's presumption that workers are employees, the California Supreme Court has determined

6  the most significant factor to be considered in distinguishing an independent contractor from

7  an employee is whether the *employer or principal has control or the right to control the work*

8  *both as to the work performed and the manner and means in which the work is performed.*

9  DEFENDANT heavily controlled both the work performed and the manner and means in which

10 PLAINTIFF and the other Delivery Drivers performed their work in that:

11         (a)    PLAINTIFF and other Delivery Drivers were not involved in a distinct

12 business, but instead were provided with instructions as to how to perform their work and the

13 manner and means in which the work was to be performed by means of DEFENDANT's

14 manuals and written instructions;

15         (b)    PLAINTIFF and other Delivery Drivers were continuously provided with

16 training and supervision, including following DEFENDANT's company documents and

17 received training from DEFENDANT as to how and in what way to perform services;

18         (c)    DEFENDANT set the requirements as to what policies and procedures all

19 of the Delivery Drivers were to follow;

20         (d)    PLAINTIFF and other Delivery Drivers had no opportunity for profit or

21 loss because DEFENDANT only paid these employees based on the tasks performed for

22 DEFENDANT and DEFENDANT controlled and assigned the schedules PLAINTIFF and other

23 Delivery Drivers were required to work. DEFENDANT also controlled which Delivery Drivers

24 would receive a particular delivery assignment;

25         (e)    PLAINTIFF and other Delivery Drivers performed delivery services which

26 is part of DEFENDANT's principal business and is closely integrated with and essential to the

27 employer's business of providing delivery services to their customers;

28

4

CLASS ACTION COMPLAINT

(f)    PLAINTIFF and other Delivery Drivers performed the work themselves and did not hire others to perform their work for them;

(g)    PLAINTIFF and other Delivery Drivers did not have the authority to make employment-related personnel decisions;

(h)    PLAINTIFF and other Delivery Drivers performed their work in a particular order and sequence in accordance with DEFENDANT's company policy; and,

(i)    DEFENDANT had the "right" to control every critical aspect of DEFENDANT's daily services in that DEFENDANT provided step-by-step instructions to PLAINTIFF and other Delivery Drivers as to the entire process of assisting clients. PLAINTIFF and other Delivery Drivers provided services ONLY for DEFENDANT's customers, which DEFENDANT controlled via the company's technology.

10.    As a result, stripped of all the legal fictions and artificial barriers to an honest classification of the relationship between PLAINTIFF and all the other Delivery Drivers on the one hand, and DEFENDANT on the other hand, PLAINTIFF and all the other Delivery Drivers are and were employees of DEFENDANT and not independent contractors of DEFENDANT and should therefore be properly classified as non-exempt, hourly employees.

11.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who worked for DEFENDANT in California as a Delivery Driver and who were classified as independent contractors (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

12.    As a matter of company policy, practice and procedure, DEFENDANT has unlawfully, unfairly and/or deceptively classified every CALIFORNIA CLASS Member as "independent contractors" in order to unlawfully avoid compliance with all applicable federal and state laws that require payment for all time worked, business expenses, and the employer's

1    share of payroll taxes and mandatory insurance. As a result of the scheme to defraud the federal

2    and state governments and the CALIFORNIA CLASS Members, PLAINTIFF and the

3    CALIFORNIA CLASS Members were underpaid throughout their employment with

4    DEFENDANT. The true names and capacities, whether individual, corporate, associate or

5    otherwise of the Defendants sued here as DOES 1 through 50, inclusive, are presently unknown

6    to PLAINTIFF who therefore sue these Defendants by such fictitious names pursuant to Cal.

7    Civ. Proc. Code § 474. PLAINTIFF is informed and believes, and based thereon, allege that

8    each of the Defendants designated herein is legally responsible in some manner for the unlawful

9    acts referred to herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect

10    the true names and capacities of the Defendants when they have been ascertained and become

11    known.

12          13.     The agents, servants and/or employees of the Defendants and each of them

13    acting on behalf of the Defendants acted within the course and scope of his, her or its authority

14    as the agent, servant and/or employee of the Defendants, and personally participated in the

15    conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

16    Consequently, the acts of each Defendant are legally attributable to the other Defendants and

17    all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

18    CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents,

19    servants and/or employees.

20

21                              **THE CONDUCT**

22          14.     The finite set of tasks required of PLAINTIFF and the other CALIFORNIA

23    CLASS Members as defined by DEFENDANT was executed by them through the performance

24    of non-exempt labor.

25          15.     Although PLAINTIFF and the other CALIFORNIA CLASS Members performed

26    non-exempt labor subject to DEFENDANT's complete control over the manner and means of

27    performance, DEFENDANT instituted a blanket classification policy, practice and procedure

28

CLASS ACTION COMPLAINT

1    by which all of these CALIFORNIA CLASS Members were classified as "independent
2    contractors" exempt from compensation for overtime worked, meal breaks and rest breaks, and
3    reimbursement for business related expenses. By reason of this uniform misclassification, the
4    CALIFORNIA CLASS Members were also required to pay DEFENDANT 's share of payroll
5    taxes and mandatory insurance premiums. As a result of this uniform misclassification practice,
6    policy and procedure applicable to PLAINTIFF and the other CALIFORNIA CLASS Members
7    who performed this work for DEFENDANT, DEFENDANT committed acts of unfair
8    competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§
9    17200, *et seq.* (the "UCL"), by engaging in a company-wide policy, practice and procedure
10   which uniformly failed to properly classify PLAINTIFF and the other CALIFORNIA CLASS
11   Members as employees and thereby failed to pay them overtime wages for overtime worked,
12   reimbursement of business related expenses, failed to provide them with meal and rest breaks,
13   and failed to reimburse these employees for the employer's share of payroll taxes and mandatory
14   insurance. The proper classification of these employees is DEFENDANT's burden. As a result
15   of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT
16   violated the California Labor Code and regulations promulgated thereunder as herein alleged.
17   DEFENDANT did not have in place a policy, practice or procedure that provided meal and/or
18   rest breaks to PLAINTIFF and CALIFORNIA CLASS Members as evidenced by
19   DEFENDANT's business records which contain no record of these breaks.

20          16.    DEFENDANT, as a matter of law, has the burden of proving that employees are
21   properly classified and that DEFENDANT otherwise complies with applicable laws.
22   DEFENDANT, as a matter of corporate policy, erroneously and unilaterally classified all the
23   CALIFORNIA CLASS Members as independent contractors.

24          17.    PLAINTIFF and all the CALIFORNIA CLASS Members are and were uniformly
25   classified and treated by DEFENDANT as independent contractors at the time of hire and
26   thereafter, DEFENDANT failed to take proper steps to determine whether the PLAINTIFF and
27   the CLASS Members are properly classified under the applicable Industrial Welfare

28
                                          7
                              CLASS ACTION COMPLAINT

Commission Wage Order and Cal. Lab. Code § 510 as exempt from applicable labor laws. Since DEFENDANT affirmatively and willfully misclassified PLAINTIFF and CALIFORNIA CLASS Members in compliance with California labor laws, DEFENDANT's practices violated and continue to violate California law. In addition, DEFENDANT acted deceptively by falsely and fraudulently classifying PLAINTIFF and each CALIFORNIA CLASS Member as independent contractors when DEFENDANT knew or should have known that this classification was false and not based on known facts. DEFENDANT also acted deceptively by violating the California labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL. In doing so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS less than the amount competitors paid who complied with the law and cheated the CALIFORNIA CLASS by not paying them in accordance with California law.

18.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

19.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first,

CLASS ACTION COMPLAINT

1 second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours

2 or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also

3 not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules,

4 PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their

5 proper rest periods by DEFENDANT and DEFENDANT's managers.

6     20.    DEFENDANT intentionally and knowingly fails to reimburse and indemnify

7 PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses

8 incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of

9 discharging their duties on behalf of DEFENDANT. Under California Labor Code Section

10 2802, employers are required to indemnify employees for all expenses incurred in the course

11 and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall

12 indemnify his or her employee for all necessary expenditures or losses incurred by the employee

13 in direct consequence of the discharge of his or her duties, or of his or her obedience to the

14 directions of the employer, even though unlawful, unless the employee, at the time of obeying

15 the directions, believed them to be unlawful."

16     21.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

17 Members as a business expense, are required by DEFENDANT to use personal cellular phones

18 and their home offices as a result of and in furtherance of their job duties as employees for

19 DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost

20 associated with the use of the personal cellular phones and personal vehicles for

21 DEFENDANT's benefit. In order to work as a Delivery Driver for DEFENDANT, PLAINTIFF

22 and other CALIFORNIA CLASS Members are required to communicate with DEFENDANT

23 and as such it is mandatory to have a cell phone that is compatible to remain in constant contact

24 with DEFENDANT and DEFENDANT's customers. As a result, in the course of their

25 employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA

26 CLASS incurred unreimbursed business expenses which include, but are not limited to, costs

27 related to the use of their personal cellular phones and personal vehicle expenses all on behalf

28

9

CLASS ACTION COMPLAINT

1 │ of and for the benefit of DEFENDANT.

2 │     22.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the
3 │ other members of the CALIFORNIA CLASS with complete and accurate wage statements
4 │ which failed to show, among other things, the correct amount of time worked, including, work
5 │ performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek,
6 │ and correct amount of net and/or gross wages earned. Cal. Lab. Code § 226 provides that every
7 │ employer shall furnish each of his or her employees with an accurate itemized wage statement
8 │ in writing showing, among other things, gross wages earned and all applicable hourly rates in
9 │ effect during the pay period and the corresponding amount of time worked at each hourly rate.
10 │ As a result, DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA
11 │ CLASS with wage statements which violated Cal. Lab. Code § 226.

12 │     23.    By reason of this conduct applicable to PLAINTIFF and all the CALIFORNIA
13 │ CLASS Members, DEFENDANT committed acts of unfair competition in violation of the
14 │ California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by
15 │ engaging in a company-wide policy, practice and procedure which failed to correctly classify
16 │ PLAINTIFF and the CALIFORNIA CLASS Members as employees. The proper classification
17 │ of these employees is DEFENDANT's burden. As a result of DEFENDANT's intentional
18 │ disregard of the obligation to meet this burden, DEFENDANT failed to pay all required
19 │ overtime compensation for work performed by PLAINTIFF and other CALIFORNIA CLASS
20 │ Members and violated the California Labor Code and regulations promulgated thereunder as
21 │ herein alleged. In July of 2021, and continuing throughout the rest of PLAINTIFF's
22 │ employment, PLAINTIFF engaged in protected activity by complaining to DEFENDANT of
23 │ DEFENDANT's illegal employment practices, including, but not limited to, the legality of the
24 │ arbitration agreement DEFENDANT wanted PLAINTIFF to sign waiving away her rights to
25 │ sue the company in Court.

26 │     24.    Subsequent to PLAINTIFF's participation in protective activity by complaining
27 │ to DEFENDANT of DEFENDANT's unlawful employment practices, DEFENDANT subjected

28 │

10

1  PLAINTIFF to adverse employment actions by retaliating against PLAINTIFF. Specifically,

2  after PLAINTIFF complained to her supervisor(s) of DEFENDANT's unlawful employment

3  practices in July/August of 2021, DEFENDANT terminated PLAINTIFF's employment with

4  DEFENDANT in August of 2021. As a result, there is a causal link between the protected

5  activity and DEFENDANT's decision to terminate her employment, which is against public

6  policy. The amount in controversy for PLAINTIFF individually does not exceed the sum or

7  value of $75,000.

8

9  ## THE CALIFORNIA CLASS

10  25.  PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

11  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

12  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all

13  individuals who worked for DEFENDANT in California as a Delivery Driver and who were

14  classified as independent contractors (the "CALIFORNIA CLASS") at any time during the

15  period beginning four (4) years prior to the filing of this Complaint and ending on the date as

16  determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy

17  for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars

18  ($5,000,000.00).

19  26.  To the extent equitable tolling operates to toll claims by the CALIFORNIA

20  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

21  accordingly.

22  27.  All CALIFORNIA CLASS Members who performed and continue to perform this

23  work for DEFENDANT during the CALIFORNIA CLASS PERIOD are similarly situated in

24  that they are subject to DEFENDANT's policy and practice that required them to perform work

25  without compensation as required by law.

26  28.  DEFENDANT, as a matter of corporate policy, practice and procedure, and in

27  violation of the applicable California Labor Code, Industrial Welfare Commission ("IWC")

28

1    Wage Order requirements, and the applicable provisions of California law, intentionally,

2    knowingly and willfully engaged in a practice whereby DEFENDANT unfairly, unlawfully and

3    deceptively instituted a practice to ensure that all individuals employed as independent

4    contractors were not properly classified as non-exempt employees from the requirements of

5    California Labor Code § 510.

6         29.    During the CALIFORNIA CLASS PERIOD, DEFENDANT violated the rights

7    of the PLAINTIFF and the CALIFORNIA CLASS Members under California law, without

8    limitation, in the following manners:

9              (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

10                    §§ 17200, et seq. the ("UCL"), in that DEFENDANT, while acting as

11                    employer, devised and implemented a scheme whereby PLAINTIFF and

12                    the CALIFORNIA CLASS Members are forced to unlawfully, unfairly

13                    and deceptively shoulder the cost of DEFENDANT's wages for all unpaid

14                    overtime, business related expenses, and DEFENDANT's share of

15                    employment taxes, social security taxes, unemployment insurance and

16                    workers' compensation insurance;

17             (b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

18                    §§ 17200, et seq. the ("UCL"), by unlawfully, unfairly and/or deceptively

19                    having in place company policies, practices and procedures that uniformly

20                    misclassified PLAINTIFF and the CALIFORNIA CLASS Members as

21                    independent contractors;

22             (c)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

23                    §§ 17200, et seq. the ("UCL"), by unlawfully, unfairly and/or deceptively

24                    failing to have in place a company policy, practice and procedure that

25                    accurately determined the amount of working time spent by PLAINTIFF

26                    and the CALIFORNIA CLASS Members performing non-exempt

27                    employee labor;

28
                                          12
                              CLASS ACTION COMPLAINT

(d)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL"), by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required meal and rest breaks; and,

(e)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

30.    As a result of DEFENDANT's policies, practices and procedures, there are numerous questions of law and fact common to all CALIFORNIA CLASS Members who worked for during the CALIFORNIA CLASS PERIOD. These questions include, but are not limited, to the following:

(a)    Whether PLAINTIFF and other CALIFORNIA CLASS Members were misclassified as independent contractors by DEFENDANT;

(b)    Whether the PLAINTIFF and the CALIFORNIA CLASS Members are afforded all the protections of the California Labor Code that apply when properly classified as non-exempt employees;

(c)    Whether DEFENDANT's policies, practices and pattern of conduct described in this Complaint was and is unlawful;

(d)    Whether DEFENDANT unlawfully failed to pay their share of state and federal employment taxes as required by state and federal tax laws;

(e)    Whether DEFENDANT's policy, practice and procedure of classifying the CALIFORNIA CLASS Members as independent contractors exempt from hourly wages laws for all time worked and failing to pay the CALIFORNIA CLASS Members all amounts due violates applicable provisions of California State law;

(f)    Whether DEFENDANT unlawfully failed to keep and furnish the

13

1    CALIFORNIA CLASS Members with accurate records of all time

2    worked, including overtime worked;

3    (g)    Whether DEFENDANT has engaged in unfair competition by the

4    above-listed conduct; and,

5    (h)    Whether DEFENDANT's conduct was willful.

6    31.    This Class Action meets the statutory prerequisites for the maintenance of a Class

7    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

8    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

9    that the joinder of all such persons is impracticable and the disposition of their claims as a class

10    will benefit the parties and the Court;

11    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

12    that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply to

13    every CALIFORNIA CLASS Member;

14    (c)    The claims of the representative PLAINTIFF are typical of the claims of

15    each member of the CALIFORNIA CLASS. PLAINTIFF, like all the CALIFORNIA CLASS

16    Members, were classified as an independent contractor upon hiring based on the defined

17    corporate policies and practices and labors under DEFENDANT's systematic procedure that

18    failed to properly classify the PLAINTIFF and the CALIFORNIA CLASS Members.

19    PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.

20    PLAINTIFF and the CALIFORNIA CLASS Members were and are similarly or identically

21    harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct engaged

22    in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS Members that they

23    were not entitled to overtime wages, the employer's share of payment of payroll taxes and

24    mandatory insurance, and reimbursement for business expenses based on the defined corporate

25    policies and practices, and unfairly failed to pay these employees who were improperly

26    classified as independent contractors; and,

27    (d)    The representative PLAINTIFF will fairly and adequately represent and

28

14

CLASS ACTION COMPLAINT

1  protect the interest of the CALIFORNIA CLASS, and have retained counsel who is competent
2  and experienced in Class Action litigation. There are no material conflicts between the claims
3  of the representative PLAINTIFF and the CALIFORNIA CLASS Members that would make
4  class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert
5  the claims of all employees in the CALIFORNIA CLASS.

6      32.    In addition to meeting the statutory prerequisites to a Class Action, this Action
7  is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

8          (a)    Without class certification and determination of declaratory, injunctive,
9  statutory and other legal questions within the class format, prosecution of separate actions by
10  individual members of the CALIFORNIA CLASS will create the risk of:

11              (i)    Inconsistent or varying adjudications with respect to individual
12  members of the CALIFORNIA CLASS which would establish incompatible standards of
13  conduct for the parties opposing the CALIFORNIA CLASS; and/or,

14              (ii)    Adjudication with respect to individual members of the
15  CALIFORNIA CLASS which would as a practical matter be dispositive of the interests of the
16  other members not party to the adjudication or substantially impair or impede their ability to
17  protect their interests.

18          (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds
19  generally applicable to the CALIFORNIA CLASS making appropriate class-wide relief with
20  respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and
21  treated the CALIFORNIA CLASS Members as independent contractors and, thereafter,
22  uniformly failed to take proper steps to determine whether the CALIFORNIA CLASS Members
23  were properly classified as independent contractors, and thereby denied these employees wages
24  and payments for business expenses and the employer's share of payroll taxes and mandatory
25  insurance as required by law.

26              (i)    With respect to the First Cause of Action, the final relief on behalf
27  of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through

28

15

1    this claim the PLAINTIFF seek declaratory relief holding that DEFENDANT's policies and
2    practices constitute unfair competition, along with incidental equitable relief as may be
3    necessary to remedy the conduct declared to constitute unfair competition.

4          (c)    Common questions of law and fact exist as to members of the
5    CALIFORNIA CLASS with respect to the practices and violations of California and federal law
6    as listed above, and predominate over any question affecting only individual members, and a
7    Class Action is superior to other available methods for the fair and efficient adjudication of the
8    controversy, including consideration of:

9                (i)    The interest of the CALIFORNIA CLASS Members in individually
10    controlling the prosecution or defense of separate actions;

11                (ii)    The extent and nature of any litigation concerning the controversy
12    already commenced by or against members of the CALIFORNIA CLASS;

13                (iii)    In the context of wage litigation because as a practical matter a
14    substantial number of individual CALIFORNIA CLASS members will avoid asserting their
15    legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an
16    individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only
17    means to assert their claims through a representative;

18                (iv)    The desirability or undesirability of concentration of the litigation
19    of the claims in the particular forum;

20                (v)    The difficulties likely to be encountered in the management of a
21    Class Action; and,

22                (vi)    The basis of DEFENDANT's policies and practices applied to all
23    the CALIFORNIA CLASS Members.

24    33.    The Court should permit this Action to be maintained as a Class Action pursuant
25    to Cal. Code of Civ. Proc. § 382 because:

26          (a)    The questions of law and fact common to the CALIFORNIA CLASS
27    predominate over any question affecting only individual members;

28          (b)    A Class Action is superior to any other available method for the fair and

efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

(c)    The CALIFORNIA CLASS Members are so numerous that it is impractical to bring all CALIFORNIA CLASS Members before the Court;

(d)    PLAINTIFF, and the CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA CLASS Members for any injuries sustained;

(g)    DEFENDANT has acted or has refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.    The CALIFORNIA CLASS consists of all DEFENDANT's Delivery Drivers in California classified as independent contractors during the CALIFORNIA CLASS PERIOD and subjected to DEFENDANT's policies, practices and procedures as herein alleged; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of DEFENDANT's conduct as to the CALIFORNIA CLASS Members.

34.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

CLASS ACTION COMPLAINT

## THE CALIFORNIA LABOR SUB-CLASS

35.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as a Delivery Driver and who were classified as Independent Contractors (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the Complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

36.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order requirements intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall requirements of the job, systematically classified  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS as independent contractors in order to avoid the payment of overtime wages, and in order to avoid the obligations under the applicable California Labor Code provisions. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

37.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR SUB-CLASS Members have been systematically, intentionally and uniformly misclassified as independent contractors as a matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to amend the complaint to include these additional job titles when they have been identified.

38.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

18

39.    DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all Delivery Drivers as independent contractors making these employees exempt from California labor laws. All Delivery Drivers, including PLAINTIFF, performed the same finite set of tasks and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay minimum and overtime compensation. This business practice was applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

40.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code § 510 by misclassifying and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for a workday longer than eight (8) hours and/or a workweek longer than forty (40) hours, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS who were improperly classified as independent contractors with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee;

(c)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties;

(d)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all

19
CLASS ACTION COMPLAINT

1        legally required off-duty, uninterrupted thirty (30) minute meal breaks and
2        the legally required rest breaks; and,

3        (e)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that
4               when an employee is discharged or quits from employment, the employer
5               must pay the employee all wages due without abatement, by failing to
6               tender full payment and/or restitution of wages owed or in the manner
7               required by California law to the members of the CALIFORNIA LABOR
8               SUB-CLASS who have terminated their employment.

9        41.    This Class Action meets the statutory prerequisites for the maintenance of a Class
10       Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

11       (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are
12              so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS
13              Members is impracticable and the disposition of their claims as a class will
14              benefit the parties and the Court;

15       (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues
16              that are raised in this Complaint are common to the CALIFORNIA
17              LABOR SUB-CLASS and will apply to every member of the
18              CALIFORNIA LABOR SUB-CLASS;

19       (c)    The claims of the representative PLAINTIFF are typical of the claims of
20              each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,
21              like all other members of the CALIFORNIA LABOR SUB-CLASS, were
22              improperly classified as independent contractors and was thus denied
23              overtime pay and meal and rest breaks, among other things, as a result of
24              DEFENDANT's systematic classification practices. PLAINTIFF and all
25              other members of the CALIFORNIA LABOR SUB-CLASS sustained
26              economic injuries arising from DEFENDANT's violations of the laws of
27              California; and,

28

20

CLASS ACTION COMPLAINT

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and have retained counsel who are competent and experienced in Class Action litigation.    There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

42.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that the

DEFENDANT uniformly classified and treated the members of the CALIFORNIA LABOR SUB-CLASS as independent contractors and, thereafter, uniformly failed to take proper steps to determine whether the CALIFORNIA LABOR SUB-CLASS Members were properly classified as independent contractors, and thereby denied these employees the protections afforded to them under the California Labor Code;

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the

22

CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)      In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)      A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

43.     This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)     The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

23

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h) The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who are or previously were employed by DEFENDANT in California as Delivery Drivers and classified as independent contractors during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i) Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

**JURISDICTION AND VENUE**

44.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is brought as a Class Action on behalf of PLAINTIFF and on behalf of similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. Section 382.

45.     Venue is proper in this Court pursuant to Cal. Code of Civ. Proc. Sections 395 and 395.5, because PLAINTIFF resides in this County and DEFENDANT (i) currently maintains and at all relevant times maintained its principal offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CLASS and Against All Defendants)**

46.     PLAINTIFF and the CALIFORNIA CLASS Members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

47.     DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code § 17021.

48.     Section 17200 of the California Business & Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of labor laws in the employment context. Section 17203 authorizes injunctive, declaratory and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may take such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice

25

1

2

which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

3  California Business & Professions Code § 17203.

4  49.   By the conduct alleged herein, DEFENDANT has engaged and continues to

5  engage in a business practice which violates California law, including but not limited to the

6  applicable Industrial Wage Orders, the California Labor Code including Sections 204, 210, 221,

7  226.7, 226.8, 510, 512, 1194, 1197, 1197.1, 1198, 2750.3, & 2802, and California Code of

8  Regulations § 11090, for which this Court should issue declaratory, injunctive, and other

9  equitable relief, pursuant to Cal. Bus. & Prof § 17203, as may be necessary to prevent and

10  remedy the conduct held to constitute unfair competition, including restitution of wages

11  wrongfully withheld, business expenses wrongfully withheld and for the payment of the

12  employer's share of income taxes, social security taxes, unemployment insurance and workers'

13  compensation insurance.

14  50.   By the conduct alleged herein DEFENDANT has obtained valuable property,

15  money, and services from PLAINTIFF, and the other members of the CALIFORNIA CLASS,

16  and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment

17  and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete.

18  Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and

19  pecuniary compensation alone would not afford adequate and complete relief.

20  51.   All the acts described herein as violations of, among other things, the California

21  Labor Code, California Code of Regulations and the Industrial Welfare Commission Wage

22  Orders, were unlawful, were in violation of public policy, were immoral, unethical, oppressive,

23  and unscrupulous, and were likely to deceive employees, and thereby constitute deceptive,

24  unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

25  52.   By the conduct alleged herein, DEFENDANT's practices were deceptive and

26  fraudulent in that DEFENDANT's policy and practice was to represent to the CALIFORNIA

27  CLASS Members that they were not entitled to overtime wages, payment for payroll taxes or

28

1   mandatory insurance and other benefits as required by California law, when in fact these
2   representations were false and  likely to deceive  and for which this Court should issue
3   injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution
4   of wages wrongfully withheld.

5       53.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
6   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the
7   other members of the CALIFORNIA CLASS to be underpaid during their employment with
8   DEFENDANT.

9       54.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,
10  and do, seek such relief as may be necessary to restore to them the money and property which
11  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the
12  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and
13  unfair business practices, including earned but unpaid wages for all overtime worked.

14      55.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further
15  entitled to, and do, seek a declaration that the described business practices were unlawful, unfair
16  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from
17  engaging in any unlawful and unfair business practices in the future.

18      56.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
19  unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide
20  all legally required meal and rest breaks to PLAINTIFF and the other members of the
21  CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

22      57.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each
23  CALIFORNIA CLASS member, overtime wages, payment for the employer's share of payroll
24  taxes and mandatory insurance, and one (1) hour of pay for each workday in which an off-duty
25  meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay
26  for each workday in which a second off-duty meal period was not timely provided for each ten
27  (10) hours of work.

28

58.    PLAINTIFF further demands on behalf of herself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

59.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all overtime worked and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

60.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

61.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices.

62.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

63.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

1    other members of the CALIFORNIA CLASS have suffered and will continue to suffer

2    irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

3    engage in these unlawful and unfair business practices.

4

5                              **SECOND CAUSE OF ACTION**

6                          **For Failure To Pay Minimum Wages**

7                        **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

8                    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

9                              **and Against All Defendants)**

10        64.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

11   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

12   paragraphs of this Complaint.

13        65.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

14   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

15   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

16   accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS

17   Members.

18        66.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

19   public policy, an employer must timely pay its employees for all hours worked.

20        67.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

21   commission is the minimum wage to be paid to employees, and the payment of a less wage than

22   the minimum so fixed is unlawful.

23        68.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

24   including minimum wage compensation and interest thereon, together with the costs of suit.

25        69.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other

26   members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of

27   time they worked.  As set forth herein, DEFENDANT's policy and practice was to unlawfully

28

CLASS ACTION COMPLAINT

1    and intentionally deny timely payment of wages due to PLAINTIFF and the other members of

2    the CALIFORNIA LABOR SUB-CLASS.

3        70.    DEFENDANT's pattern of unlawful wage and hour practices manifested, without

4    limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

5    implementing a policy and practice that denied accurate compensation to PLAINTIFF and the

6    other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

7        71.    In committing these violations of the California Labor Code, DEFENDANT

8    inaccurately calculates the correct time worked and consequently underpays the actual time

9    worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

10   DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

11   benefits in violation of the California Labor Code, the Industrial Welfare Commission

12   requirements and other applicable laws and regulations.

13       72.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

14   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive

15   the correct minimum wage compensation for their time worked for DEFENDANT.

16       73.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

17   required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

18   Members to work without paying them for all the time they were under DEFENDANT's

19   control. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were

20   paid less for time worked that they were entitled to, constituting a failure to pay all earned

21   wages.

22       74.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

23   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

24   CLASS for the true time they worked, PLAINTIFF and the other members of the

25   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

26   injury in amounts which are presently unknown to them and which will be ascertained according

27   to proof at trial.

28

75.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

76.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

77.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure To Pay Overtime Wages

### [Cal. Lab. Code §§ 510, 1194, & 1198]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### Defendants)

78.    PLAINTIFF and the CALIFORNIA CLASS Members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

79.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 & 1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly required, permitted or suffered by DEFENDANT to work, and did in fact work, overtime that DEFENDANT never recorded as evidenced by DEFENDANT's business records and witnessed by DEFENDANT's employees.

80.    By virtue of DEFENDANT's unlawful failure to pay compensation to PLAINTIFF and the CALIFORNIA CLASS Members for all overtime worked by these employees, PLAINTIFF and CALIFORNIA CLASS Members have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which can be ascertained according to proof at trial.

81.    DEFENDANT knew or should have known that PLAINTIFF and the CALIFORNIA CLASS Members were misclassified as independent contractors and DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of uniform corporate policy, practice and procedure.

82.    PLAINTIFF and the CALIFORNIA CLASS Members therefore request recovery of all compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT in a sum as provided by the California Labor Code and/or other statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

1  CLASS Members who have terminated their employment, these employees would also be

2  entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein.

3  Further, PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members are entitled to

4  seek and recover statutory costs.

5          83.     In performing the acts and practices herein alleged in violation of California labor

6  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

7  all overtime worked and provide them with the requisite overtime compensation, DEFENDANT

8  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

9  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

10  disregard for their legal rights, or the consequences to them, and with the despicable intent of

11  depriving them of their property and legal rights, and otherwise causing them injury in order to

12  increase corporate profits at the expense of these employees.

13

14  **FOURTH CAUSE OF ACTION**

15  **For Failure to Provide Required Meal Periods**

16  **[Cal. Lab. Code §§ 226.7 & 512 ]**

17  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

18          84.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

19  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

20  of this Complaint.

21          85.     During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

22  failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

23  CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

24  Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR

25  SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their

26  duties for the legally required off-duty meal periods. As a result of their rigorous work

27  schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

28

1  time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally,

2  DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

3  Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

4  by DEFENDANT's business records. Further, DEFENDANT failed to provide PLAINTIFF

5  and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in

6  which these employees were required by DEFENDANT to work ten (10) hours of work. As a

7  result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore

8  forfeited meal breaks without additional compensation and in accordance with DEFENDANT's

9  strict corporate policy and practice.

10    86.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable

11  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

12  CLASS Members who were not provided a meal period, in accordance with the applicable

13  Wage Order, one additional hour of compensation at each employee's regular rate of pay for

14  each workday that a meal period was not provided.

15    87.    As a proximate result of the aforementioned violations, PLAINTIFF and

16  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

17  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

18  suit.

19

20                    **FIFTH CAUSE OF ACTION**

21              **For Failure to Provide Required Rest Periods**

22                  **[Cal. Lab. Code §§ 226.7 & 512 ]**

23        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

24                        **Defendants)**

25    88.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

26  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

27  of this Complaint.

28

CLASS ACTION COMPLAINT

89.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

90.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

91.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

92.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

35

CLASS ACTION COMPLAINT

of this Complaint.

93.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

94.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct amount of time worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and correct amount of net and/or gross wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate

1    itemized wage statement in writing showing, among other things, gross wages earned and all

2    applicable hourly rates in effect during the pay period and the corresponding amount of time

3    worked at each hourly rate.  As a result, DEFENDANT provided PLAINTIFF and the other

4    members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated

5    Cal. Lab. Code § 226.

6          95.     DEFENDANT knowingly and intentionally failed to comply with Labor Code §

7    226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR

8    SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the

9    true amount of time worked and the amount of employment taxes which were not properly paid

10   to state and federal tax authorities.  These damages are difficult to estimate.  Therefore,

11   PLAINTIFF, and the other members of the  CALIFORNIA LABOR SUB-CLASS elect to

12   recover liquidated damages of $50.00 for the initial pay period in which the violation occurred,

13   and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an

14   amount according to proof at the time of trial (but in no event more than $4,000.00 for

15   PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

16

17   **SEVENTH CAUSE OF ACTION**

18   **For Failure to Reimburse Employees for Required Expenses**

19   **[Cal. Lab. Code § 2802]**

20   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

21   **Defendants)**

22         96.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

23   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

24   of this Complaint.

25         97.     Cal. Lab. Code § 2802 provides, in relevant part, that:

26       An employer shall indemnify his or her employee for all necessary expenditures
    or losses incurred by the employee in direct consequence of the discharge of his

27       or her duties, or of his or her obedience to the directions of the employer, even
    though unlawful, unless the employee, at the time of obeying the directions,

28

37

CLASS ACTION COMPLAINT

1    believed them to be unlawful.

2        98.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

3    failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

4    members for required expenses incurred in the discharge of their job duties for DEFENDANT's

5    benefit. Specifically, DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA

6    LABOR SUB-CLASS members for expenses which included, but were not limited to, the cost

7    associated with the use of their personal cellular phones and personal vehicles for

8    DEFENDANT's benefit. In order to work as a Delivery Driver for DEFENDANT, PLAINTIFF

9    and other CALIFORNIA CLASS Members were required to use DEFENDANT's mobile

10   application and as such it is mandatory to have a cell phone that is compatible with

11   DEFENDANT's mobile application. As a result, in the course of their employment with

12   DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS

13   incurred unreimbursed business expenses which included, but were not limited to, the costs

14   related to the use of their personal cellular phones and personal vehicles all on behalf of and for

15   the benefit of DEFENDANT. These expenses are necessary to complete their principal job

16   duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this

17   expectation. Although these expenses are necessary expenses incurred by PLAINTIFF and the

18   CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and

19   reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these

20   expenses as an employer is required to do under the laws and regulations of California.

21       99.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred

22   by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their

23   job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with

24   interest at the statutory rate and costs under Cal. Lab. Code § 2802.

25   ///

26   ///

27   ///

28

**EIGHTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

100.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

101.    Cal. Lab. Code § 200 provides that:

> As used in this article:
> (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
> (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

102.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

103.    Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

104.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

105.    Cal. Lab. Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action

39

1    therefor is commenced; but the wages shall not continue for more than 30 days.

2        106.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS

3    Members terminated and DEFENDANT has not tendered payment of overtime wages, to these

4    employees who actually worked overtime, as required by law.

5        107.    Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the

6    members of the CALIFORNIA LABOR SUB-CLASS whose employment has ended,

7    PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time

8    of termination for all employees who terminated employment during the CALIFORNIA

9    LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due,

10   plus interest and statutory costs as allowed by law.

11

12   **NINTH CAUSE OF ACTION**

13   **Wrongful Termination In Violation of Public Policy**

14   **(By PLAINTIFF Against All Defendants)**

15       108.    PLAINTIFF realleges and incorporates by reference, as though fully set forth

16   herein, the prior paragraphs of this Complaint.

17       109.    Subsequent to PLAINTIFF's participation in protective activity by

18   complaining to DEFENDANT of DEFENDANT's unlawful employment practices,

19   DEFENDANT subjected PLAINTIFF to adverse employment actions by retaliating against

20   PLAINTIFF. Specifically, after PLAINTIFF complained to her supervisor(s) of

21   DEFENDANT's unlawful employment practices in July/August of 2021, DEFENDANT

22   terminated PLAINTIFF's employment with DEFENDANT in August of 2021. As a result,

23   there is a causal link between the protected activity and DEFENDANT's decision to

24   terminate her employment, which is against public policy.

25       110.    PLAINTIFF raised complaints of illegality while she worked for

26   DEFENDANT and was believed to be willing to raise complaints, and DEFENDANT

27   retaliated against her by taking adverse employment actions, including employment

28

1    termination, against her.

2        111.    As a proximate result of DEFENDANT'S willful, knowing, and intentional

3    conduct, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress,

4    and mental and physical pain and anguish, all to her damage in a sum according to proof.

5        112.    As a result of DEFENDANT'S adverse employment actions against

6    PLAINTIFF, PLAINTIFF has suffered general and special damages in sums according to

7    proof.

8        113.    DEFENDANT'S misconduct was committed intentionally, in a malicious,

9    oppressive manner, and fraudulent manner entitling PLAINTIFF to punitive damages

10   against DEFENDANT.

11

12                          **PRAYER FOR RELIEF**

13       WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

14                          severally, as follows:

15   1.    On behalf of the CALIFORNIA CLASS:

16       A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

17              CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

18       B)    An order temporarily, preliminarily and permanently enjoining and restraining

19              DEFENDANT from engaging in similar unlawful conduct as set forth herein;

20       C)    An order requiring DEFENDANT to pay minimum and overtime wages and

21              all sums unlawfully withheld from compensation due to PLAINTIFF and the

22              other members of the CALIFORNIA CLASS; and,

23       D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

24              fund for restitution of the sums incidental to DEFENDANT's violations due to

25              PLAINTIFF and to the other members of the CALIFORNIA CLASS.

26   2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

27       A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and

28

                                    41

1    Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS

2    as a class action pursuant to Cal. Code of Civ. Proc. § 382;

3  B)  Compensatory damages, according to proof at trial, including compensation

4    due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

5    CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD

6    plus interest thereon at the statutory rate; and,

7  C)  The greater of all actual damages or fifty dollars ($50) for the initial pay

8    period in which a violation occurs and one hundred dollars ($100) per each

9    member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

10    subsequent pay period, not exceeding an aggregate penalty of four thousand

11    dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

12  D)  Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512

13    and the applicable IWC Wage Order;

14  E)  The amount of the expenses PLAINTIFF and each member of the

15    CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties,

16    plus interest, and costs of suit;

17  F)  For liquidated damages pursuant to California Labor Code Sections 1194.2

18    and 1197; and,

19  G)  The wages of all terminated employees from the CALIFORNIA LABOR

20    SUB-CLASS as a penalty from the due date thereof at the same rate until paid

21    or until an action therefore is commenced, in accordance with Cal. Lab. Code

22    § 203.

23  3.  On behalf of PLAINTIFF for the Ninth cause of action:

24  A)  Compensatory damages, according to proof at trial, but in excess of $25,000.

25  B)  Special and General damages according to proof;

26  C)  Statutory damages, penalties and attorney's fees;

27  D)  For punitive damages in an amount necessary to make an example of and to

28

1             punish DEFENDANT and deter DEFENDANT from engaging in future

2             similar conduct;

3      E)     For loss of earnings (both past and future); and,

4      F)     For interest at the legal rate in an amount according to proof.

5   4.      On all claims:

6      A)     An award of interest, including prejudgment interest at the legal rate;

7      B)     Such other and further relief as the Court deems just and equitable; and,

8      C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the

9             law, including, but not limited to, pursuant to Labor Code §226, §1194 and/or

10            §2802.

11

12

13 Dated: May 24, 2022         BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

14

15                           By:    /s/ Nicholas De Blouw

                                  Nicholas J. De Blouw

16                                Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

43
CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2           PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated: May 24, 2022         BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                               By:    /s/ Nicholas De Blouw
                                       Nicholas J. De Blouw
7                                      Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
POINT PICK-UP TECHNOLOGIES, INC., a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
COLLEEN DUARTE, an individual, on behalf of herself, and on behalf of all persons similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**5/24/2022 3:34 PM**
**By: Melisa Kennedy, Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>Hall of Justice<br>600 Administration Drive, Room 107J, Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso)* SCV-270882 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal    (Bar # 68687)                          Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP                      Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: 5/24/2022 3:34 PM              Clerk, by _melissa kennedy_ , Deputy
*(Fecha)*                             *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Melisa Kennedy
A True Copy Attest

Process Server

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*:   POINT PICK-UP TECHNOLOGIES, INC.

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov<br><br>Duarte | (FOR COURT USE ONLY)<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**5/24/2022 3:34 PM**<br>**By: Melisa Kennedy, Deputy Clerk** |
| --- | --- |

Point Pick-Up Technologies, Inc.
v.

| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE | Case number:<br>SCV-270882 |
| --- | --- |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

Jennifer V. Dollard

1. **THIS ACTION IS ASSIGNED TO HON.** _____
**FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.

A Case Management Conference has been set at the time and place indicated below:

| **Date:** 09/27/2022 | **Time:** 3:00 PM | **Courtroom:** 18 |
| --- | --- | --- |
| **Location:** 3055 Cleveland Ave.<br>Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C:**

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1:**

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal    (Bar # 68687)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara<br>La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223    FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name)*: Plaintiff Colleen Duarte | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**5/24/2022 3:34 PM**<br>**By: Melisa Kennedy, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive, Room 107J
MAILING ADDRESS: 600 Administration Drive, Room 107J
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME: Hall of Justice

CASE NAME:
COLLEEN DUARTE v. POINT PICK-UP TECHNOLOGIES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SCV-270882 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* NINE (9)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 24, 2022

Nicholas J. De Blouw
(TYPE OR PRINT NAME)

▶ /s/ Nicholas De Blouw
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item, otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. *(Optional)*.<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
|---|---|

| **ADR INFORMATION SHEET**<br>**[Sonoma County Superior Court Rules, Rule 16]** | CASE NUMBER: |
|---|---|
| (Check one):   ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

☐ Mediation                                    ☐ Early Neutral Evaluation

☐ Non-binding Private Arbitration              ☐ Binding Private Arbitration

☐ Voluntary Settlement Conference             ☐ Summary Jury Trial

☐ Other _____           ☐ Judicial Arbitration

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____           _____
                                                    Signature of Party

Date: _____           _____
                                                    Signature of Party

Date: _____           _____
                                                    Signature of Attorney for Party
                                        ☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**



# Superior Court of California County of Sonoma

Shelly J. Averill
Presiding Judge

ACCESS, SERVICE, JUSTICE

Arlene D. Junior
Court Executive Officer

March 30, 2022

## NOTICE OF AVAILABILITY OF COURT-PROVIDED COURT REPORTERS

### CHANGES TO POLICY REGARDING NORMAL AVAILABILITY AND UNAVAILABILITY OF OFFICIAL COURT REPORTERS

Due to court reporter staffing shortages, the Sonoma County Superior Court is amending its policy for normal availability and unavailability of official court reporters in family law cases, and effective April 18, 2022, official court reporters will no longer be available for Family Law matters except as mandated for requests to withdraw consent to an adoption, child testimony in chambers, petitions to free a minor from parental care and control and contempt actions.

The Sonoma County Superior Court's policy regarding the normal availability of official court reporters will be as follows:

Effective April 18, 2022, official court reporters will normally be available in felony criminal cases and juvenile delinquency and juvenile dependency matters during regular court hours. Official court reporters will normally not be available in civil matters (with the exception of Lanterman-Petris Short Act matters) family law matters, except as set forth above, or probate matters.

The Sonoma County Superior Court, at its sole discretion, may provide electronic recording services in infraction and misdemeanor proceedings.

A party who has been granted a waiver of court fees and costs may request the services of an official court reporter for a proceeding for which a reporter is not normally available and for which electronic recording is not provided. Information on how to submit a request is available on the court's website.

The court's revised Policy Regarding Normal Availability and Unavailability of Official Court Reporters will be available on the court's website on April 18, 2022.

JUL 2 0 2022